IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN LEE KEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-22-913-R |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| LABOR, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant State of Oklahoma *ex rel.* Oklahoma Department of Labor's ("ODOL") Motion to Dismiss. (Doc. No. 7). Plaintiff did not respond in opposition to the Motion. The Court has considered the merits of the Motion and for the reasons set forth herein, the Motion is GRANTED.

Plaintiff Brian Lee Keith, appearing *pro se*, filed this action against the ODOL for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA").[1] (Doc. No. 1, at 3). Specifically, Plaintiff claims that he was subjected to unequal terms and conditions of his employment, retaliation, and discrimination based on race, gender/sex, national origin, and disability. (Doc. No. 1, at 4). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient

---

[1] Because Mr. Keith is a *pro se* litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court concurs with Defendant's argument; the Complaint lacks sufficient factual allegations to state a claim. Besides checking boxes in a standard *pro se* employment discrimination complaint form and attaching an assortment of emails and documents, Plaintiff has not alleged facts supporting a plausible Title VII claim for relief. Plaintiff has not stated his claims in numbered paragraphs pursuant to Fed. R. Civ. P. 10(b), nor has he set forth a short and plain statement of the claims demonstrating that he is entitled to relief pursuant to Rule 8(a)(2).

Moreover, Plaintiff has not alleged that an exception applies which would enable him to overcome the defense of sovereign immunity and sue the ODOL for damages under the ADEA or ADA. *See Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015) (explaining that state agencies are generally protected from suit by sovereign immunity under the Eleventh Amendment unless: (1) the state consents to suit; (2) Congress has appropriately abrogated a state's sovereign immunity; or (3) Plaintiff's complaint alleges an ongoing violation of federal law and Plaintiff is seeking prospective relief). Consequently, the Court lacks subject-matter jurisdiction to consider Plaintiff's claims under the ADEA and ADA. *See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) ("[I]mplicit in enactment of the Eleventh

Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state.")

Accordingly, the Court GRANTS Defendant's Motion (Doc. No. 7).[2] The action against the ODOL is DISMISSED WITHOUT PREJUDICE.[3]

**IT IS SO ORDERED** this 10th day of April 2023.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Defendant requests that the Court grant Plaintiff leave to file an amended complaint for claims outside of the ADA and ADEA. (Doc. No. 7, at 11). Plaintiff has not responded to the Court's Order to Show Cause as to why service was not timely made upon the ODOL (Doc. No. 3), however he subsequently served ODOL. Defendant has not responded to the Motion to Dismiss (Doc. No. 7), and he has not requested leave to amend. Thus, the Court declines to grant Plaintiff leave to amend.

[3] Considering that Plaintiff is a *pro se* litigant, all claims are dismissed without prejudice. *See generally, Lawrence v. Bonaventure of Castle Rock*, No. 22-CV-01143, 2022 WL 17960556, at *8 (D. Colo. Dec. 27, 2022) ("Given the heightened concerns that govern *pro se* litigation, ordinarily the dismissal of a pro se claim should be without prejudice." (internal quotation marks and citation omitted)).